## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRENDA WILSON, as Mother and Next Friend of TENIESHA ADAMS, a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 05-297-GPM |
| CAHOKIA SCHOOL DISTRICT #187, LELA PRINCE, DWAYNE COTTON, MEARL JUSTUS, and THE COUNTY OF ST. CLAIR, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action came before the Court on September 12, 2005, for a hearing on a motion to dismiss filed by Cahokia School District #187, Lela Prince, and Dwayne Cotton. For the reasons set forth on the record and below, the motion is granted in part and denied in part.

### BACKGROUND

This action was filed by Brenda Wilson, as mother and next friend of Teniesha Adams, a minor, against Cahokia School District #187, Lela Prince (school principal), Dwayne Cotton (an employee of Cahokia School District who is also a deputy with the St. Clair County Sheriff's Department), Mearl Justus, and the County of St. Clair, Illinois. Prince, Cotton, and Justus are sued in their individual and official capacities.

The complaint alleges that Teniesha Adams, a student at Wirth Park Middle School in Cahokia, Illinois, was physically attacked at school by another student, Craig Nichols. Wilson

alleges that Prince knew Craig Nichols had a propensity to physically harm others yet allowed Nichols to roam the school premises unsupervised at a time when he was supposed to be under supervised detention.  The complaint consists of 11 counts:

I.     Violation of substantive due process against Lela Prince;

II.    Unlawful search and seizure against Lela Prince and Dwayne Cotton;

III.   Unlawful search and seizure against Dwayne Cotton;

IV.    Violation of substantive due process against Cahokia School District #187;

V.     Unlawful search and seizure against Cahokia School District #187;

VI.    Unlawful search and seizure against Mearl Justus and St. Clair County;

VII.   Conspiracy against Dwayne Cotton and Lela Prince – unlawful search and seizure;

VIII.  False Imprisonment against Dwayne Cotton, Lela Prince, and Cahokia School District #187;

IX.    False Imprisonment against Dwayne Cotton, Mearl Justus, and St. Clair County;

X.     Intentional Infliction of Emotional Distress against Dwayne Cotton, Lela Prince, and Cahokia School District #187;

XI.    Intentional Infliction of Emotional Distress against Dwayne Cotton, Mearl Justus, and St. Clair County.

All counts contain a prayer for punitive damages.

<u>ANALYSIS</u>

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).  In ruling on a motion to dismiss, a court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff.  *Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002).  Nevertheless, the Court is not required to "ignore any facts set forth

in the complaint that undermine the plaintiff's claim." *LeBlang Motors v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998).  A motion to dismiss is properly granted only if it appears beyond doubt that a plaintiff is unable to prove any set of facts which would entitle him or her to relief. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In her response to the pending motion, Wilson concedes that the official capacity claims against Defendants Prince and Cotton are redundant to the claims against the School District.  Those claims are dismissed with prejudice.

The tort of intentional infliction of emotional distress requires proof of four elements: (1) extreme and outrageous conduct; (2) intent to cause, or a reckless disregard of the probability of causing, emotional distress; (3) severe or extreme emotional distress suffered by the plaintiff; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct.  *See Public Finance Corp. v. Davis*, 66 Ill.2d 85, 89-90 (1976).   In Illinois, the conduct must be particularly egregious – it must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency."  *Id.*

Viewing the facts in the complaint in a light most favorable to Plaintiff, the claims for intentional infliction of emotional distress fail to state a claim upon which relief may be granted. At most, Defendants may have been neglectful or erred in judgment.  Their conduct could never, under this set of facts, rise to the level of this intentional tort.

The claim for false imprisonment likewise fails.  "False imprisonment is an unreasonable restraint of an individual's liberty, against his will, caused or procured by the defendant."  *Meerbrey v. Marshall Field and Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990).  To establish the essential elements

of this tort, Wilson must prove that her daughter was restrained or arrested by Defendants and that Defendants acted without having reasonable grounds to believe that the minor committed an offense. *Id.* (citations omitted).   The most obvious problem with this claim is that Teniesha was never arrested.  She could also never show that she was unlawfully restrained because she never possessed freedom of movement within the school.  "School personnel possess power over students, and school personnel are permitted a degree of supervision and control that cannot be exercised over free adults."  *Bell v. Marseilles Elementary School*, No. 00-2553, 2001 WL 818897, at *5 n.6 (Mar. 7, 2001) (*citing Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 655 (1995)).   Thus, this claim fails as a matter of law.

The remaining claims plead enough to survive a Rule 12 motion.  Similarly, the arguments that Defendants are entitled to immunity are more properly presented in a motion for summary judgment brought pursuant to Rule 56.  The Seventh Circuit has noted on more than one occasion that "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds."  *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (*citing Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000)).  Judge Easterbrook warned in *Jacobs* that "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal … and when defendants do assert immunity it is essential to consider facts in addition to those in the complaint."  *Jacobs*, 215 F.3d at 775 (Easterbrook, J., concurring).

## CONCLUSION

Accordingly, the motion to dismiss (Doc. 14) is **GRANTED in part** and **DENIED in part**. The claims against Defendants Prince and Cotton in their official capacities are **DISMISSED with prejudice**.  The claims for intentional infliction of emotional distress (Counts X, XI) and false

imprisonment (Counts VIII, IX) are **DISMISSED with prejudice**.

The discovery stay imposed on August 14, 2005 (see Doc. 33) is **LIFTED**. The parties shall immediately proceed with discovery.

**IT IS SO ORDERED.**

DATED:  09/29/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge