IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRENDA WILSON, as mother and next friend of TENIESHA ADAMS, a minor,** ) ) ) Plaintiffs, ) ) v. ) ) **CAHOKIA SCHOOL DISTRICT #187, LELA PRINCE, DWAYNE COTTON, MEARL JUSTUS, and THE COUNTY of ST. CLAIR, ILLINOIS,** ) ) ) ) ) ) Defendants. ) | Civil No. **05-297-GPM** |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court are various motions to compel filed by plaintiffs. The motions are as follows:

- Plaintiffs' Motion to Compel Directed to Defendant, Cahokia School District #187, **Doc. 20**;

- Plaintiffs' Motion to Compel Directed to Defendant, Lela Prince, **Doc. 21**;

- Plaintiffs' Motion to Compel Directed to Defendant, Dwayne Cotton, **Doc. 23**; and

- Plaintiffs' Motion to Compel Directed to Defendant Merle Justus and the County of St. Clair, Illinois, **Doc. 25**.

According to the complaint, Teniesha Adams, the minor daughter of plaintiff Brenda Wilson, was a student at Wirth Park Middle School in Cahokia. Lela Prince was the principal of the school. Dwayne Cotton was a Cahokia School District employee and also an employee of the St. Clair County Sheriff's Department. Teniesha was attacked at school by one Craig

Nichols, who was also a student. Plaintiffs claim that Prince knew that Nichols was likely to attack people, but he was allowed to roam while he was supposed to be in supervised detention. On the day after the attack, Teniesha was detained and interrogated by Cotton and Prince as part of the investigation. Plaintiffs asserted various constitutional claims, claims for infliction of emotional distress, false imprisonment and unlawful detention. Defendants School District, Prince, and Cotton filed a motion to dismiss, which raised immunity grounds. Discovery was stayed until the motion was ruled on. **See, Doc. 33**.

Chief Judge Murphy has now granted the motion to dismiss in part. He dismissed the claims for intentional infliction of emotional distress and for false imprisonment, along with the official capacity claims against Prince and Cotton. Chief Judge Murphy lifted the stay on discovery in the same order. **See, Doc. 35.**

The scope of discovery is governed by **Fed.R.Civ.P. 26(b)(1)**, which states, in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

**Plaintiffs' Motion to Compel Directed to
Defendant, Cahokia School District #187, Doc. 20**

The claim against the School District is that it violated Teniesha's substantive due process rights by allowing Nichols to roam the School premises when it knew that he had a propensity to harm others, and failing to take precautions to protect Teniesha (Count IV), and that it violated Teniesha's right to be free from unlawful search and seizure (Count V).

Interrogatory 10 seeks information about any complaints regarding physical attacks on students on school grounds for the past 5 years.  Interrogatories numbered 11 and 12 seek information about any lawsuits filed against the District concerning attacks against students.  Given the nature of the claims against the District, this information is irrelevant.  The objections are sustained.

Interrogatory number 17 seeks the address and phone number of Nichols.  The District objects on the basis of **105 ILCS 10/6**, which restricts the dissemination of information contained in school student records.  The objection is sustained.  Plaintiffs ask the Court to order the production of the information in accordance with the statute.  The statute permits the dissemination of student information under certain circumstances.  If plaintiffs desire such an order, they should tender a proposed order which complies with the requirements of **105 ILCS 10/6.**

Requests for production 6 and 7 seek the personnel files of Cotton and Prince.  Plaintiffs have offered to exclude all financial and medical information.  Defendant objects that the requests are overbroad and unduly burdensome.  Again, in view of the nature of the claims asserted by plaintiffs, it is difficult to see the relevance of the personnel files.  Plaintiffs' motion makes no attempt to explain how the personnel files could be relevant.  If there are specific documents or categories of documents that plaintiffs believe they are entitled to, they should request them.

Request number 9 seeks all documents relating to allegations of improper supervision of students for the last ten years.  This is obviously overbroad and not tailored to fit the issues in this case.

Request number 10 seeks all files kept by the District on Teniesha. Plaintiffs assert that they have provided an authorization for the release of this information. The objection is overruled.

Request number 11 seeks all files kept by the District on Craig Nichols. Defendant objected because the dissemination of those files is limited by **105 ILCS 10/6.** If plaintiffs desire their production, they should tender a proposed order which complies with the requirements of that statute.

### Plaintiffs' Motions to Compel Directed to Lela Prince and Dwayne Cotton, Docs. 21 and 23

Plaintiffs claim that Prince violated Teniesha's due process rights by allowing Nichols to roam the school grounds when she knew that Nichols had a propensity to harm others, and failing to take precautions to protect Teniesha (Count I); both Prince and Cotton violated Teniesha's right to be free from unlawful search and seizure by detaining and interrogating her (Count II); Cotton subjected her to an unlawful search and seizure (Count III); and Prince and Cotton conspired to violate Teniesha's rights (Count VII).

The same discovery requests were sent to both defendants, and they made the same objections. Interrogatory 8 seeks information about complaints received by Prince and Cotton about prior attacks on students. Interrogatory 9 and 10 seek information about lawsuits in which allegations against Prince or Cotton were based on wrongful conduct in their roles as educators. Again, plaintiff makes no attempt to explain how this information could be relevant, and the relevance thereof is not apparent to the Court.

Request 6 seeks production of the personnel files of Prince and Cotton. In view of the nature of the claims asserted by plaintiffs, it is difficult to see the relevance of the personnel

4

files. If there are specific documents or categories of documents that plaintiffs believe are relevant, they should request them.

Request number 8 seeks all documents relating to allegations of improper supervision of students by Prince or Cotton for the last ten years. This is obviously overbroad and not tailored to fit the issues in this case.

Request number 9 seeks production of all files pertaining to Teniesha kept by defendants. The only objection is a reference to 105 ILCS 10/6. Plaintiffs assert that they have provided an authorization for the release of this information. The objection is overruled.

Request number 10 seeks production of any files kept by defendants on Craig Nichols. The dissemination of any such file, if same exists, is limited by **105 ILCS 10/6.** If plaintiffs desire production of the file or files, they should tender a proposed order which complies with the requirements of that statute.

### Plaintiffs' Motion to Compel Directed to Defendant Merle Justus and the County of St. Clair, Illinois, Doc. 25

Lastly, plaintiffs' motion states that they served discovery requests on defendants Justus and the County of St. Clair on June 2, 2005, to which defendants did not respond at all. Defendants have not filed a response to the motion, and the time for doing so has expired. The failure to respond to the motion is deemed to be an admission of the merits. **SDIL-LR 7.1(g)**.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel Directed to Defendant, Cahokia School District #187 **(Doc. 20)**; Plaintiffs' Motion to Compel Directed to Defendant, Lela Prince **(Doc. 21)**; and Plaintiffs' Motion to Compel Directed to Defendant, Dwayne Cotton **(Doc. 23)** are **DENIED**, except that defendants shall produce their files pertaining to Teniesha Adams,

5

pursuant to the authorization signed by her mother, Brenda Wilson.  The file or files shall be produced on or before **October 12, 2005.**

Plaintiffs' Motion to Compel Directed to Defendant Merle Justus and the County of St. Clair, Illinois **(Doc. 25)** is **GRANTED**.  Defendants Justus and the County of St. Clair shall answer plaintiffs' interrogatories and produce the document requested on or before **October 17, 2005.**

**IT IS SO ORDERED.**

Date: October 6, 2005.

<pre>                                        s/ Clifford J. Proud
                                        CLIFFORD J. PROUD
                                        U.S. MAGISTRATE JUDGE</pre>