IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRENDA WILSON, as mother and next friend of TENIESHA ADAMS, a minor,** ) ) ) Plaintiffs, ) ) v. ) ) **CAHOKIA SCHOOL DISTRICT #187, LELA PRINCE, DWAYNE COTTON, MEARL JUSTUS, and THE COUNTY of ST. CLAIR, ILLINOIS,** ) ) ) ) ) ) Defendants. ) | Civil No. **05-297-GPM** |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are various motions filed by plaintiffs seeking discovery responses from defendants Mearl Justus and St. Clair County. The motions are as follows:

- Motion to Compel Directed to Mearl Justus and St. Clair County **(Doc. 50)**;

- Motion for Sanctions Directed to Mearl Justus and St. Clair County **(Doc. 53)**;

- Motion for Contempt Order Directed to Defendant St. Clair County **(Doc. 54)**; and

- Supplemental Motion for Sanctions Directed to Mearl Justus and St. Clair County **(Doc. 62)**.

This lawsuit arises out of an attack by one student upon another at Wirth Park Middle School in Cahokia. According to the complaint, Teniesha Adams, the minor daughter of plaintiff Brenda Wilson, was attacked at school by one Craig Nichols. Lela Prince was the principal of the school. Dwayne Cotton was a Cahokia School District employee and also an employee of the St. Clair County Sheriff's Department. Plaintiffs claim that Prince knew that Nichols was

likely to attack people, but he was allowed to roam while he was supposed to be in supervised detention. On the day after the attack, Teniesha was detained and interrogated by Cotton and Prince as part of the investigation. Plaintiffs asserted various constitutional claims, claims for infliction of emotional distress, false imprisonment and unlawful detention. Defendants School District, Prince, and Cotton filed a motion to dismiss, which was granted in part. Chief Judge Murphy dismissed the claims for intentional infliction of emotional distress and for false imprisonment, along with the official capacity claims against Prince and Cotton. **See, Doc. 35.**

In the course of discovery, plaintiffs requested a number of documents from defendants Justus and St. Clair County. Defendants did not respond, and plaintiffs filed a motion to compel. Defendants did not respond to the motion either. On October 6, 2005, the Court granted the motion and ordered defendants to produce the requested documents. **See, Doc. 41.**

Among other documents, plaintiffs requested production of the following:

a) Any and all files, reports and other documents concerning any investigation of the events referred to in Plaintiff's Complaint;

b) Copies of all files and records kept by this Defendant on Craig Nichols who was a student at Wirth Middle School on the date of the occurrence referred to in Plaintiffs' Complaint.

According to the instant motions, on October 14, 2005, defendants' attorney told plaintiffs' attorney that "the sheriff's department has recently received the results of certain crime scene tests which indicated that Craig Nichols was in fact the perpetrator of the incident alleged in Plaintiffs' Complaint and that said Craig Nichols had confessed to the incident and that the sheriff's department was conducting additional investigation." **Doc. 50, ¶¶ 3, 4**. Plaintiffs' counsel requested that all additional responsive documents be produced, but defendants did not do so.

Defendants did not file a timely response to plaintiffs's motion to compel. (On March 7, 2006, they filed a response out of time. **Doc. 55**.) As is set forth in plaintiffs' motion for sanctions, on February 17, 2006, plaintiffs' attorney served subpoenas for the production of the documents on the State's Attorneys office and on the St. Clair County sheriff's office. **See, Doc. 53**. The State's Attorneys office responded by producing the documents, but the sheriff's office did not respond at all to the subpoena.

After the production of the documents by the State's Attorneys office in response to plaintiffs' subpoena, Justus and St. Clair County filed a response in this Court in which they stated that they provided plaintiffs with all statements of Nichols "through" the States Attorney's office. **See, Doc. 56**. The State's Attorney is not a party to this action. The Court questions the propriety of defendants relying on a non-party to produce documents requested of them.

Lastly, as is set forth in plaintiffs' supplemental motion for sanctions, it appears that there is at least one document which has not been produced. The State's Attorneys office produced a videotape of a statement of Nichols; the tape refers to a written waiver of *Miranda* rights. The written waiver has not been produced, leading plaintiffs' counsel to question whether there are additional responsive documents which have not been produced. **See, Doc. 62**.

Defendants have not responded to the supplemental motion for sanctions, **Doc. 62,** and the time for doing so has expired.

It appears that defendants have been dilatory, at best, in responding to plaintiffs' discovery requests and to plaintiffs' motions. Even when plaintiffs went to the effort of serving a subpoena, they did not respond. Further, it appears that there is at least one document which has not been produced by either defendants or the State's Attorney.

**The Court hereby orders that defendants Justus and St. Clair County shall show cause in writing on or before May 22, 2006, why they should not be sanctioned for failure to update their production of documents as requested and for failing to respond to plaintiffs' subpoena.  Defendants shall also state whether all responsive documents have been produced to plaintiffs.**

**IT IS SO ORDERED.**

**DATE:  May 11, 2006**.

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**